# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RAYMOND SANTIAGO GARCIA,      )
                              )
            Plaintiff,        )
                              )
     v.                       )         1:12CV93
                              )
J.P. MCCLASKEY, et al.,       )
                              )
            Defendants.       )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Rios and the United States of America's Motion to Dismiss. (Docket Entry 52.)[1] For the reasons that follow, the Court will grant in part the instant Motion as to Plaintiff's state-law assault claim against Defendant Rios.

## PROCEDURAL HISTORY

Plaintiff commenced this case by filing a pro se prisoner form Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with a search, seizure, and subsequent detention. (Docket Entry 1.) Plaintiff amended his Complaint once as of right (Docket Entry 4), and obtained the Court's leave to file a Third Amended Complaint. (Docket Entry 37 at 22; see also Docket Entry 38 (Plaintiff's Third Amended

---

[1] The Parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 31.)

Complaint).)[2] However, in reviewing Plaintiff's proposed Third Amended Complaint, the Court granted in part Defendants' Motion to Dismiss, such that only the claims for excessive force (under federal law) and common-law assault (under state law) survive. (Docket Entry 37 at 22-23.)

The United States then filed a Notice of Substitution pursuant to the Federal Tort Claims Act ("FTCA"), as amended by the Westfall Act, 28 U.S.C. § 2679(d), as to Plaintiff's common-law assault claim against Defendant Rios (Docket Entry 51 at 1-3), based on United States Attorney Ripley Rand's certification that Defendant Rios (a Special Agent for the United States Immigration and Customs Enforcement ("ICE")) acted within the scope of his federal employment at the time of Plaintiff's alleged injuries (Docket Entry 51-1 at 1-2). Defendant Rios and the United States now move to dismiss Plaintiff's Third Amended Complaint, asserting: first, that the Court should dismiss Plaintiff's excessive-force claim against Defendant Rios because Plaintiff has failed to properly serve the United States, as required by Federal Rule of Civil Procedure 4(i)(3), and, second, that the Court should dismiss Plaintiff's common-law assault claim against the United States (as

---

[2] Plaintiff also filed a Second Amended Complaint (Docket Entry 7), but did so without Defendants' consent or any showing that the interests of justice so required and, thus, the Court entered an Order striking the Second Amended Complaint (Text Order dated Aug. 8, 2012). In addition, the Court denied as moot Plaintiff's Fourth Motion to Amend. (Docket Entry 37 at 24.)

2

substituted for Defendant Rios under the Westfall Act) because Plaintiff failed to timely exhaust administrative remedies, a necessary prerequisite to bringing suit under the FTCA. (Docket Entry 53 at 6-9.) Plaintiff responded (Docket Entry 59) and Defendants replied (Docket Entry 61). Plaintiff then made an additional filing entitled "Motion to Not Dismiss Defendant Rios from Instant Action." (Docket Entry 62.)

**DISCUSSION**

A. Plaintiff's Failure to Serve the United States

The Federal Rules of Civil Procedure provide: "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . , <u>a party must serve the United States</u> and also serve the officer or employee . . ." Fed. R. Civ. P. 4(i)(3) (emphasis added). Accordingly,

> To serve the United States, a party must . . . deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . [or] send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's office . . . [and] send a copy of each by registered or certified mail to the Attorney General of the United States . . . .

Fed. R. Civ. P. 4(i)(1). Based on Plaintiff's alleged failure to satisfy the foregoing requirements, Defendants assert that Plaintiff's excessive-force claim should be dismissed without

3

prejudice for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Docket Entry 53 at 5-7.)[3]

"Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure." Smith v. St. Francis Hosp., Civ. A. No. 6:12-2533-TMC-JDA, 2013 WL 3973170, at *2 (D.S.C. July 31, 2013) (unpublished). In that regard:

---

[3] Defendants also seek relief under Federal Rule of Civil Procedure 12(b)(2) (for dismissal based on lack of personal jurisdiction); however, a respected treatise instructs that:

> Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him; the actual existence of personal jurisdiction should be challenged by a Rule 12(b)(2) motion. A few courts have noted this distinction between the motions, but the cases indicate that it generally is quite acceptable to question the court's jurisdiction by a motion objecting to service of process. The occasional judicial failure to distinguish sharply between the two has not caused any difficulty, however, because the courts have been able to determine the merits of the real issue before them regardless of how the motion is designated and nothing appears to turn on the misdesignation.

Wright & Miller, et al., 5B Federal Practice & Procedure § 1353 (3d ed. 1998) (internal footnotes omitted). Because Defendants' challenge to personal jurisdiction only relies on allegations concerning deficient service of process (see Docket Entry 53 at 6-7), Rule 12(b)(5) best applies, see Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (Osteen, Sr., J.) ("A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process.").

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). "Even so, courts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." Thomas v. Nelms, No. 1:09CV491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (unpublished) (Eagles, J.).

The record reflects that Plaintiff served neither the United States Attorney for this district nor the Attorney General. (See Docket Entries 9, 42.) Plaintiff's instant filings do not assert otherwise, and, indeed, fail to address the issue of service of process at all. (See Docket Entries 59, 62.) Notwithstanding the foregoing:

> Dismissal of an action against a defendant under Rule 12(b)(5) for insufficiency of service is within the discretion of the court. Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished. Absent prejudice to the defendant and when service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service . . . .

Argot v. Harden, Civ. A. No. 4:11-2755-MBS-TER, 2012 WL 6839310, at *5 (D.S.C. Sept. 27, 2012) (unpublished) (internal citations and quotation marks omitted). Defendant has not identified circumstances that would establish prejudice or that would prevent

5

Plaintiff from curing the defects in service. (See Docket Entry 53 at 6-7; Docket Entry 61 at 1-2.)

Under these circumstances, the Court will direct the Clerk to prepare and issue proper Summonses for the United States Attorney for this district and the United States Attorney General, and mail those Summonses to Plaintiff at the address which appears on the docket. Plaintiff must then properly serve the United States Attorney and the United States Attorney General by registered or certified mail, pursuant to Federal Rules of Civil Procedure 4(i)(1)(A) and (3). However, should Plaintiff fail to properly serve Defendants in compliance with Federal Rule of Civil Procedure 4, the Court may dismiss Plaintiff's excessive-force claim against Defendant Rios without further notice to him.

B. Plaintiff's Failure to Timely Present His Claim to ICE

The FTCA mandates that "the claimant shall have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Specifically, a claimant must "present[] [the claim] in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). If the agency denies the claim, the claimant must commence an action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Id.

6

Otherwise, "[a] tort claim against the United States shall be forever barred . . . ." Id. For that reason, Defendants contend that Plaintiff's failure to timely present his claim to ICE (or any other relevant agency) bars his action under the FTCA. (See Docket Entry 53 at 8-9.)

Defendants additionally assert that the FTCA's presentment requirement qualifies as a jurisdictional prerequisite to an FTCA claim, citing authority from the United States Court of Appeals for the Fourth Circuit and this Court. (See id. at 9 (citing Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990), Grumette v. United States, No. 1:11CV37, 2012 WL 3113143, at *2 (M.D.N.C. July 31, 2012) (unpublished), and Smith v. United States, No. 1:10CV112, 2011 WL 4899933, at *8 (M.D.N.C. Oct. 14, 2011) (unpublished)).) Based on that authority, Defendants seek dismissal of Plaintiff's common-law assault claim under Federal Rule of Civil Procedure 12(b)(1) (for lack of subject-matter jurisdiction), as well as Federal Rule of Civil Procedure 12(b)(6) (for failure to state a claim upon which relief can be granted). (See Docket Entry 53 at 5-6, 8-9.)

The United States Supreme Court recently ruled that "Section 2401(b) is not a jurisdictional requirement. The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds." United States v. Kwai Fun Wong, __ U.S. __,

7

\_\_, 135 S. Ct. 1625, 1633 (2015).  In light of that holding, the Court may not dismiss Plaintiff's common-law assault claim for lack of subject-matter jurisdiction.

Dismissal of that claim nonetheless remains appropriate.  In that regard, Plaintiff's Complaint indicates that he sustained his alleged injuries on August 16, 2011 (Docket Entry 1 at 3) and neither Plaintiff's Third Amended Complaint nor his instant filings refer to any presentment of his claims before ICE or any other agency.  (See Docket Entries 38, 59, 62.)  Given that well over two years have elapsed since Plaintiff's alleged injuries, Plaintiff cannot now timely present his claim before ICE to satisfy the FTCA.  See 28 U.S.C. § 2401(b).  Moreover, neither Plaintiff's Third Amended Complaint nor his instant filings request equitable tolling of the two-year administrative deadline or set forth any circumstances to support his entitlement to such relief.  (See Docket Entries 38, 59, 62.)

In sum, the FTCA's presentment requirement bars Plaintiff's common-law assault claim and the Court will thus dismiss that claim under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

Defendants have established grounds for relief under Federal Rule of Civil Procedure 12(b)(6) as to Plaintiff's common-law assault claim (under state law).  However, the Court will take

further steps to effect proper service on the United States before considering dismissal of Plaintiff's excessive-force claim (under federal law) on grounds of improper service.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Docket Entry 52) is **GRANTED IN PART,** in that Plaintiff's common-law assault claim against the United States (as substituted for Defendant Rios) is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk shall prepare Summonses for the United States Attorney for this district and the United States Attorney General, as provided in Federal Rule of Civil Procedure 4(i)(1)(A) and mail those Summonses to Plaintiff at the address which appears on the docket.

**IT IS FURTHER ORDERED** that Plaintiff shall, on or before September 30, 2015, serve by registered or certified mail the United States Attorney for this district and the United States Attorney General, as provided by Federal Rule of Civil Procedure 12(i)(1). Failure to comply with this Order may result in dismissal of Plaintiff's excessive-force claim against Defendant Rios without further notice to Plaintiff.

                                                  /s/ L. Patrick Auld
                                                      **L. Patrick Auld**
                                      **United States Magistrate Judge**

August 20, 2015